JOSEPH B. ROSBOROUGH ET AL. v. FANNIE E. PICTON ET AL.

No. 986.

**1.  Public Land Bordering on Sea Coast—Grant Beyond Coast Line Void.**

An ordinary grant of land along the sea coast, made by the ministerial officer of the government, does not pass the title to land under navigable water or beyond the coast line.

**2.  Same—Presumption—Confirmation—Pleading.**

Under the policy of all nations governed by the principles of the civil or the common law, the title to land under navigable waters is retained for the public use, and passes by a private grant only when so expressly provided by the sovereign authority; and hence no subsequent recognition or conformation of an ordinary grant made by a ministerial officer, attempting to pass the soil under the sea, will be presumed, nor need such presumption be negatived by the pleader.

**3.  Pleading—Certainty—Deficiency of Acreage.**

A petition for an injunction to restrain a trustee from selling two original grants of land for purchase money due thereon, because of a deficiency in the number of acres sold, is subject to special exception, if, although alleging that a specifid number of acres within the boundaries of such grants are covered by navigable waters, it fails to directly and positively aver that the boundaries of such grants (not set out in the petition) do not include the proper quantity of fast land. (On rehearing.)

**4.  Limitations—Claim for Abatement of Purchase Price.**

A claim for an abatement of the purchase price of land exists so long as the purchase money is unpaid, and the statute of limitations is not applicable against it, and cannot be pleaded against it in an action to assert such claim by injunction restraining a trustee from selling the land for such unpaid purchase money.

APPEAL from Victoria. Tried below before Hon. S. F. GRIMES.

*Samuel Dabney,* for appellant.—1. A grant made in Texas in 1834 by the Commissioner of Power and Hewitson's Colony, and projected

across a navigable bay and arm of the sea, is void to the extent of its water area, and carried no title to the land under the water. No grant of land under the waters of a navigable bay and arm of the sea, made under the Spanish-Mexican-Civil law, and made by a ministerial officer having general authority to grant lands, is valid, unless the existing supreme sovereignty of the country directly authorized the 'grant of the land under water, and unless the grant contain express words directly mentioning and conveying the land under water. City of Galveston v. Menard, 23 Texas, 349; Galveston City Surf Bathing Co. v. Heidenheimer, 63 Texas, 562, 563; Justinian's Institutes (Cooper's translation), lib. II, tit. I, secs. 5, 1, 2, 3; Partidas, Part. 3, title 28, laws 3, 4, 5, 6, 29; compare laws 6, 7, 8, 27 same book and title (Moreau, Lislet and Carleton's trans.); Recopilacion de Leyes de las Indias, lib. IV, tit. 17, and White's Recop., vol. 2, p. 56, and Sayles' Early Laws, vol. 1, arts., 22, 47, 48, 58, 82; Sayles' Early Laws, art. 108, sec. 2; Pas. Dig., art. 258; Arnold v. Mundy, 1 Halst. (N. J.), 1; (10 Am. Dec., 365); Tatum v. Sawyer, 2 Hawks (N. C.), 226; Commonwealth v. City of Roxbury, 9 Gray (Mass.), 492-495; East Haven v. Hemmingway, 7 Conn., 186; Middletown v. Sage, 8 Conn., 221; Norfolk City v. Cooke, 27 Gratt., 435; Elliot v. Stewart, 15 Or., 259; Gould on Waters, secs. 198, 199.

'   2.   The court erred in dismissing the suit, because the two Hynes grants being partially void, plaintiffs were entitled to an abatement of the purchase money for the deficiency. Especially is this the case when the sale is by the acre. Franco Tex. Land Co. v. Simpson, 1 Texas Civ. App., 600; Bellamy v. McCarthy, 75 Texas, 293; Moore v. Hazlewood, 67 Texas, 624; Walling v. Kinnard, 10 Texas, 511; Culberson v. Blanchard, 79 Texas, 486; Groesbeck v. Harris, 82 Texas, 416, 417; Couse v. Boyles, 3 Green's Chancery, 212; 38 Am. Dec., 514.

·3.   A claim for an abatement on account of the failure or non-existence of part of the consideration, is not subject to any statute of limitation, whether the collection is attempted to be made inside or outside of court, as long as the debt remains unsettled. Moore v. Hazelwood, 67 Texas, 626; Franco Tex. Land Co. v. Simpson, 1 Texas Civ. App., 602; Harrell v. Hill, 19 Ark., 102; 68 Am. Dec., 202.

*Proctors,* for appellees.—1.   The court correctly sustained appellees' seventeenth special exception to appellants' first amended petition, to the effect that the facts stated therein were insufficient to show that the two said Hynes grants were void to the extent alleged to be covered by water.     The petition discloses grants alleged to be made by the commissioner of Power and Hewitson's colony at a time and within the territory in which he was authorized to make such grants; but even if it is doubtful at this date whether the said commissioner was authorized to extend a grant, the limits of which include a part of Hynes bay, yet such act was within a reasonable construction by said commissioner of his powers, and no one will now be heard to question its validity.   1 Sayles' Early Laws, art. 108; Pasch. Dig., art. 258; Hamilton v. Menefee,

11 Texas, 751; Ledyard v. Brown, 27 Texas, 404; Elliot v. Mitchell, 28 Texas, 110, and 47 Texas, 447; Johns v. Schultz, 47 Texas, 582; Sidick v. Duran, 67 Texas, 260; Clark v. Hills, 67 Texas, 141; Galveston v. Menard, 23 Texas, 391.

2. At the most the petition discloses that the grants were voidable by the State alone and not by any individual; and the State not being a party to this proceeding, nor any allegation being made that the State had ever sought to cancel said grants, but with the inference on the facts stated that it had recognized and acquiesced in said grants, said exception was properly sustained. Trueheart v. Andrews, 51 Texas, 179; Gullett v. O'Connor, 54 Texas, 416; Winsor v. O'Connor, 69 Texas, 576.

3. The court correctly sustained appellees' eighteenth special exception to appellants' petition to the effect that the facts stated therein were insufficient to show a deficiency in quantity in said two Hynes grants mentioned, because,

First—The petition failed to state that the two Hynes grants did as a matter of fact comprehend any area covered by water.

Second—The petition failed to show that after deducting all portions covered by water, there was not still left in said grants the full quantities in acreage charged to have been represented by appellees to be in the same. Gillis v. Rosenheimer, 64 Texas, 246; Duck v. Peeler, 74 Texas, 272; Ewing v. Duncan, 81 Texas, 236.

4. This action for damages resulting from a deficiency in quantity of land conveyed is not an action upon the covenant of warranty, but is one for deceit and misrepresentation, and is barred by the statute of limitation of two years. Dubois v. Rooney, 82 Texas, 177; Moore v. Hazelwood, 67 Texas, 624; Dougherty v. Knolle, 44 Texas, 456; Smith v. Fly, 24 Texas, 353; Bass v. James, 83 Texas, 111.

WILLIAMS, ASSOCIATE JUSTICE.—Appellants brought this suit to obtain an injunction to restrain a sale of their lands by F. C. Proctor as trustee under a deed of trust which they had executed to appellees, Fannie E. Picton and her husband, D. M. Picton, to secure notes given by appellants for the purchase money of land bought by them from Mrs. Picton. Temporary injunction was granted in vacation, but in term time, after plaintiffs had filed an amended original petition, exceptions to it were sustained, the injunction was dissolved and the suit dismissed; and the judgment thus rendered is brought in review by this appeal.

The petition is necessarily lengthy and only a general statement of the points involved in the rulings below will be given. Appellants bought from Mrs. Picton an undivided one-fourth of twenty-eight tracts of land, among which were a league granted to Peter Hynes, and seven-eighths undivided interest in a fourth of a league granted to John Hynes. These grants were extended to the original grantees in 1834 by the Commissioner of Power and Hewitson's Colony, the lands granted being situated within the bounds of the second contract of those colonists with the then existing government. The petition alleges that the sale

of lands made to appellants by the appellees was by the acre, at $4 per acre, and that these two tracts were represented by appellees and believed by appellants to contain 4428 and 1107 acres respectively, but that, as a matter of fact, which was unknown to appellants when they made their purchase, these grants included in the boundaries a portion of Hynes' bay, a navigable arm of the Gulf of Mexico, and an area, more than twelve hundred acres thereof, was covered by the waters of the bay, to which area, it is asserted, the title never passed out of the government. An abatement of the purchase money, commensurate with this shortage in the land purchased, was claimed, the balance remaining unpaid being tendered into court, and a restraint of the sale of the property by which the purchase money notes were secured was sought until a trial of the issues could be had.

We think that there is no doubt that the proposition that the title to the land covered by the navigable waters of the bay did not pass by the grants, is well founded. According to both the common and civil law, an ordinary grant of land along the sea-coast, made by the ministerial officer of the government, did not pass the title to land under water or beyond the coast line. This line was fixed by the common law at the point reached by ordinary high tide, and by the civil law at the mark of the highest tide. The exterior boundary line of the grant to Power and Hewitson was the sea coast (Sayles' Early Laws, 108; Hamilton v. Menifee, 11 Texas, 718), and no authority was given them over the waters of the sea, or of the bays and inlets, or of the soil under them. These are, by well settled principles, reserved for common use. Hence, the grants by the Commissioner of that Colony passed title only to land which was not under the waters of the sea. Galveston v. Menard, 23 Texas, 349; Galveston Surf Bathing Co. v. Heidenheimer, 63 Texas, 562; Arnold v. Mundy, 1 Halstead (N. J.), 1; Den v. Sawyer, 2 Hawk's Law and Eq. (N. C.), 226; Martin v. Waddell, 16 Peters, 369.

The decisions in this State, sustaining grants of land by these Commissioners outside of the colonial boundaries, where they were fairly made upon a mistake as to the location of the boundary line, have no application. The only question involved in those cases was as to the power to grant land, and it was sought to avoid the grants because the authorities had mistaken the territorial limits of their jurisdiction, and had honestly granted lands which lay a short distance outside of the boundary. Here, the question is as to the power to grant that which, by the policy of all nations governed by the principles of the civil or common law, is retained for the public use, and which passes by a private grant only when so expressly provided by the sovereign authority. For the same reason, no subsequent recognition or confirmation of a grant, made by a ministerial officer, attempting to pass the soil under the sea, would be presumed; and hence it was unnecessary for the plaintiff to allege that there had been no such confirmation. In the first place, the power was not given to the commissioner of the colony to grant soil under navigable waters; and in the second place,

his grant would not be construed as attempting to do so, unless it expressly or by unavoidable construction so provided; and the same reason which would thus limit the effect of such grants would forbid any assumption that there had been any act of the government which could have the effect of passing away its title to soil under the water.

It is claimed that the petition does not sufficiently show that the quantity of land for which an abatement is claimed is actually covered by the water. But the allegation is that plaintiffs have caused a survey of the water area to be made, and states, as its result and upon information given to him by the surveyor, that the quantity of such area is as alleged by him. If they had attached the affidavit of the surveyor, as they did in companion cases, it would have been more satisfactory. But it is positively stated that the lines of both these surveys cross the bay, thus including its entire width, and leaving a part of the land embraced north and a part of it south, and the only fact, as to this point, stated upon information and belief, is that the water area is 1200 7-10 acres. There is, in any event, a water area included between the shores of the bay on the north and south and the lines of the grant on the east and west, and these allegations are, we think, sufficient to entitle appellants to a hearing. At any rate, the exception, based upon this supposed defect, was overruled and the petition was dismissed on other points.

It is next contended that the petition is insufficient in that it does not directly and positively allege that there is not contained in the two Hynes grants, or in the other grants purchased in the same transaction, the acreage bargained for, after deducting the area covered by water. The petition alleged that the deeds and abstracts produced by defendants called for the number of acres which appellees bargained to sell to appellants; that the sale was made by the acre, and that appellants paid and appellees accepted pay for the land as being the quantity called for in the different grants, and that, upon this information, appellants believed there was in none of the tracts an excess over the quantity called for in the grants. The land was about to be sold, and the object of the injunction was to prevent a sale until the merits of the claim for an abatement of purchase money could be decided. A majority of the court hold that, considering the number of tracts in question and the inconclusive character of any information other than that stated, which the pleader could have obtained as to their area, the facts alleged would, if proven, have made a prima facie case upon which the court should have held them entitled to relief, unless they were rebutted, and that hence the statement of such facts was sufficient to entitle them to a hearing. It is not a case where a party simply states a fact upon information and belief, but one where facts within his knowledge are given, and his inference from them is stated upon belief. Those facts we hold sufficient to warrant the inference until something else is made to appear. The pleader excludes the assumption that other facts impairing the force of those stated exist within his knowledge by stating his belief

upon the subject to the contrary. A majority of the court are of the opinion that the allegations on this point were sufficient, but Justice Pleasants authorizes me to say that he is of the opinion that there should have been a more *direct* and positive averment that the grants all together did not contain the acreage bargained for.

But we are all agreed that, even if the petition were defective upon this point, this could not sustain the judgment, for the reason that it affirmatively appears that the court below overruled the exceptions which were addressed to this feature of the petition, thereby holding those allegations sufficient, but sustained other exceptions which could not have been met by amendment. Had the exceptions raising this point been sustained, the petition could have been made good, but when others of a more fundamental character were sustained, the dismissal of the suit necessarily followed.

There were twenty-one special exceptions, all of which were overruled except the seventeenth, eighteenth and nineteenth. The fifteenth and sixteenth overruled were as follows:

"15. Because, although the petition is one for an injunction, and alleges a sale by the acre, it does not distinctly negative the reasonable inference on the facts stated in the petition, that plaintiffs may have acquired in other lands conveyed to them excess over the estimated quantity, nor deny that by the conveyance by defendants to plaintiffs the latter did not acquire the full quantity of land for which they contracted.

"16. Because, although for an injunction, it does not positively allege that there is not the full quantity of lands in said two Hynes grants, over and above the portion alleged to be covered by water."

The seventeenth, eighteenth and nineteenth were as follows:

"17. Because the facts stated by plaintiffs to show that the two Hynes Grants are void to the extent to which they are alleged to be covered by water are insufficient.

"18. Because the facts stated by plaintiffs to show a deficiency in quantity in said two Hynes Grants are insufficient.

"19. To the claim for damages to plaintiffs from the alleged fraudulent representations and concealments by defendants Fannie E. Picton and Daniel M. Picton, and those acting in their behalf, of the alleged fact that part of said two Hynes Grants in which interests are stated to have been conveyed were covered by water, and because said cause of action, if any, is barred by the statute of limitation of two years. And to that portion of said petition which claims damages for the alleged failure of title to one and one-half acres."

The eighteenth, if it stood alone, might be construed as making to the petition the objection under discussion, but when it is considered in connection with the fact that the fifteenth and sixteenth directly and specifically attacked the petition for this supposed defect, it is apparent that the eighteenth was sustained for the same reason that the seventeenth was sustained, that is, that the grant was not void as to the water area, and that hence there was no deficiency. The statute of limita-

tion, in our opinion, has no application to the case. It is not a suit to recover anything from the defendants, but is the assertion of a partial defense to the notes which were made the basis of the proceeding to sell under the trust deed, and which defense might become ineffectual if the sale were allowed to proceed. It has been held that a defense of this character can be made to a suit for the purchase money whenever it may be brought, and that the statute of limitations has no application. Moore v. Hazelwood, 67 Texas, 624; Franco Texas Land Co. v. Simpson, 1 Texas Civ. Apps., 600. If, however, the purchase money has all been paid and a suit is necessary to recover it, the statute, of course, runs as it does against any other cause of action. Smith v. Fly, 24 Texas, 345.

It necessarily results from these decisions that, so long as the purchase money is unpaid, the defense exists and the statute does not run, in fact, has no application to it as a defense to the purchase money notes. When suit is brought, the defense may be set up. If the proceeding is to sell by a trustee, it is none the less true that the defense to the notes subsists, that is, there is no liability on them for such portion of the purchase money as the vendee is entitled to have deducted from the price of the land on account of the shortage in area. The difference between the two proceedings is that in the former only defensive pleading is necessary, while in the latter the party asks the aid of equity to stay the sale in order that the defense which exists against the note may not be cut off by a sale of his property. His action is not barred, because it never arose until there was a proceeding to sell. He neither has nor asserts a cause of action to recover money paid, because he has not paid anything in excess of what he owed, and such a cause of action as that only arises when the vendee has paid more than was due for the land which he actually got. So it is evident that no cause of action is asserted here which the statute has barred. The appellants' right of action consists in the fact that they have a present valid defense to the notes to pay which a sale is about to be made, and that they can only assert it with the aid of a court of equity.

This disposes of the questions upon which the court has decided the case. There are some cross assignments of error to the overruling of other exceptions, but none of them are of a character, if sustained, to uphold the dismissal, of the suit. We are unable to see that any of them are well taken.

*Reversed and remanded.*

Delivered January 16, 1896.

### ON MOTION FOR RE-HEARING.

WILLIAMS, ASSOCIATE JUSTICE.—We deem it proper to say that the sixteenth special exception, which directly questions the sufficiency of the averments as to the deficiency of land in the two Hynes grants, should have been sustained. There is a clear attempt to allege such

deficiency and from the allegations an inference of its existence may be drawn. That 1200 acres embraced within the boundaries are covered by water is specifically averred, but, consistently with that fact, such boundaries (which are set out in the petition), may include the proper quantity of fast land. That they do not, is left to inference rather than directly and positively averred.

As remarked in the original opinion, the judgment cannot be affirmed on this ground, for the reasons there given. If the facts alleged were true, there was no necessity to tender the expenses of the trustee incurred in the effort to sell. While the holders of the notes had the right to cause a sale to be made for the balance admitted to be due, they did not have the right to sell for more than was due. Had the sale not been prevented by injunction, it is true that the legal title would have passed to a purchaser. The trustee had the power to sell, and hence could, by an actual sale, pass title, so long as any part of the debt remained unpaid, as was held in Groesbeck v. Crow, 85 Texas, 200. But it is none the less true that his act in attempting to sell for more than was due, would be wrongful as against the debtor, and the latter would not be bound to reward him for it, or to reimburse him for his expenses.

*Motion overruled.*

Delivered March 26, 1896.