J. P. NELSON ET AL. v. SAN ANTONIO TRACTION COMPANY ET AL.

No. 2398. Decided April 14, 1915.

**1.—Contract—Abandonment.**

A street railway company which had agreed to pay a fixed sum, in installments as the work progressed, to a contractor who undertook to lay certain street paving for it and to maintain repairs of same for ten years, did not, by refusing payment of the final balance due on the ground that the contractor had not complied with his undertaking, repudiate the contract nor release the contractor from his obligation to maintain repairs, though such refusal to pay was found to be unjustifiable. (Pp. 186, 187.)

**2.—Contract—Payment—Offset.**

A contractor having agreed to construct certain street paving and keep same in repair for ten years, in consideration of a lump sum payable from time to time as the work was performed, money expended by the promissee, under a right given him by the contract, in necessary repairs on the paving which the contractor refused to make did not constitute a payment on the balance due the contractor for construction, but was in the nature of an offset against such debt. (Pp. 187, 188.)

**3.—Same—Limitation.**

Where the promissor is entitled to offsets against the contract price due from him, by reason of money expended in repairs which the promissee had undertaken, but failed, to perform, this not constituting a payment on the promissor's indebtedness, but a counter-claim against the promissee, limitation ran against each item of such expenditures from the date when each was incurred until the same was pleaded in defense of an action for the balance due on the contract price. (P. 188.)

Error to the Court of Civil Appeals, Fourth District, in an appeal from Bexar County.

J. P. Nelson and the Nelson Paving Co. obtained writ of error on the affirmance, on their appeal, of the judgment of the trial court herein.

*Denman, Franklin & McGown,* and *Geo. E. Shelly,* for plaintiffs in error.—Completion of this pavement gave Nelson the right to immediate payment therefor: Sherman v. Conner, 88 Texas, 41; Lynch v. P.

L. Co., 80 Texas, 37; E. A. Hedge & Fence Co. v. Tanner, 67 Ark., 156, 53 S. W., 886; Miller v. Sullivan, 14 Texas Civ. App., 112, 33 S. W., 702; Perkins v. Locke, 27 S. W., 783; Railway Co. v. Butler, 50 Cali., 574.

It is no defense to Nelson's suit for the price to show a breach of the contract to maintain the pavement. This was a separate obligation for future performance dependent upon the promise of the Traction Company to pay for the pavement when completed and for the breach of which only an action for damages will lie against Nelson. Smith v. Fairbanks-Morse Co., 101 Texas, 27; Railway Co. v. Titterington, 84 Texas, 223; Dunkin v. Magette, 25 Texas, 257; Castro v. Gentilly, 11 Texas, 14; Bateman v. Hipp, 111 S. W., 973.

Nelson's threat not to maintain the pavement before the time to maintain the same had arrived, is no breach of his contract, and will not excuse the San Antonio Traction Company from paying him for the pavement: Kilgore v. Asso., 90 Texas, 140; Johnson v. Gurley, 52 Texas, 227; Steinlein v. Blaisdell Co., 44 S. W., 202; Dingley v. Oehler, 117 U. S., 490; United States v. Smoot, 82 U. S., 34; Daniels v. Newton, 114 Mass., 530.

Nelson's promise to maintain this pavement for ten years was a separate promise of future performance and dependent upon the payment by the Traction Company when due of the contract price of the work done and the refusal of the Traction Company to pay the price for the work when completed discharged Nelson's promise to maintain. Clark on Contracts, pages 653-669; Kilgore v. Association, 90 Texas, 142; Greenwald v. Markowitz, 97 Texas, 486; Brown v. Binz, 50 S. W., 485; Haldman v. Chambers, 19 Texas, 52; Miller v. Sullivan, 14 Texas Civ. App., 112, 33 S. W., 702; Phillips v. Seymour, 91 U. S., 646; Dey v. Daix, 9 Wend., 129; Dakin v. Williams, 11 Wend., 67; St. L. Exp. Co. v. Burgess, 50 S. W., 486; Bank v. Houger, 1 Peters, 455; Bishop on Contracts, secs. 827-1420-1428.

On December 22nd, 1902, the San Antonio Traction Company made formal demand of J. P. Nelson to maintain and repair the pavement in controversy herein. On December 24th, 1902, J. P. Nelson refused, in writing, to further perform his promise to maintain this pavement, and the Traction Company's cause of action against him for damages for his breach of his agreement to maintain the pavement accrued immediately. The San Antonio Traction Company did not file its cross-action herein to recover for this breach until January 3, 1911, more than four years after its cause of action accrued and the same is barred by the Statute of Limitation of four years. Revised Statutes, article 3358; Smith v. Fairbanks, 101 Texas, 27; Smith v. Fairbanks, 99 S. W., 707; Lichtenstein v. Brooks, 75 Texas, 197; Railway Co. v. Pape, 73 Texas, 502; Water Works v. Kennedy, 70 Texas, 236; Harrison v. Reigor, 64 Texas, 89; Rhaem v. Horst, 178 U. S., 14; Sullivan v. McMullen, 8 So., 450.

Nelson's absolute refusal to maintain the pavement made on December

24th, 1902, was a breach of his contract with the San Antonio Traction Company to maintain the pavement, and its cause of action against him for that breach accrued at once. Jones v. Lewis, 11 Texas, 359; Walling v. Wheeler, 39 Texas, 481; Stevens v. Lee, 70 Texas, 279; Trube v. Montgomery, 7 Texas Civ. App., 557, 27 S. W., 19.

There is no statute or rule of law which suspends the statute in favor of the cross action. It is barred in four years from the time it accrues; and must be asserted within the statutory period after its accrual whether by cross action or original proceeding. Smith v. Fairbanks. 101 Texas, 25; Ney v. Rothe, 61 Texas, 377; Surter v. Whitaker, 66 Texas, 628; Fowler v. Stoneum, 11 Texas, 512; Holliman v. Rogers, 6 Texas, 97; Campbell v. Park, 11 Texas Civ. App., 455, 33 S. W., 775.

Set-off is a discharge or reduction of one demand by an opposite one. Holliman v. Rogers, 6 Texas, 98; Howard v. Randolph, 73 Texas, 459; Auten v. Bank, 43 Law. Ed. (U. S.), 928. This defense was not allowed at common law. Blunt v. Mendley, 24 Law Ed. (U. S.), 424. It was a defense at civil law, where it originated. Holliman v. Rogers, 6 Texas, 98; Howard v. Randolph, 73 Texas, 459; Campbell v. Park, 11 Texas Civ. App., 455, 33 S. W., 754; Walker v. Fearhake, 52 S. W., 630.

In the case of mutual accounts, it has been allowed as a defense in Texas, and the balance has been allowed and struck as of the date plaintiff sued, regardless of the time when the defendant pleaded the defense. Hall v. Hodge, 2 Texas, 329; Crook v. McGreal, 3 Texas, 487; Walker v. Fearhake, 22 Texas Civ. App., 61, 52 S. W., 630. But the courts have refused to extend it to mutual debts other than accounts. Holliman v. Rogers, 6 Texas, 97; Howard v. Randolph, 73 Texas, 459; Campbell v. Park, 11 Texas Civ. App., 455, 33 S. W., 755.

If beyond this the right of set-off exists in Texas at all, it must arise from the statutes. The only statutes we have which bear upon the subject are articles 750 et seq. It will be observed upon examination of these statutes, that the right of set-off is *not allowed as a defense;* that is, the statute does not allow one debt to offset another by operation of law. The language of the statute is that the defendant "shall be permitted to plead . . . any counter-claim which he may have against the plaintiff, subject to such limitations as may be prescribed by law." This requires the counter-claim to be set up in a cross-action.

But this must be done by cross-action and the Statute of Limitation runs against all actions from the time they accrue. No exception is made in the Statute of Limitation in favor of cross-actions; nor are they suspended by reason of the filing of the suit by the plaintiff. Howard v. Randolph, 73 Texas, 454; Campbell v. Park, 11 Texas Civ. App., 455, 33 S. W., 755; Walker v. Fearhake, 52 S. W., 631.

And where there are no mutual accounts, or where damages or unliquidated demands are set up in reconvention by cross-action against plaintiff's demand, the statute runs until the cross-action is actually filed. Fowler v. Stoneum, 11 Texas, 478; Senter v. Whitaker, 66 Texas, 626.

*Templeton, Brooks, Napier & Ogden,* for defendants in error.—
Even if the Traction Company was not justified in holding back the
balance of $11,819.51, shown by the City Engineer's estimate, such
failure on its part to pay said sum does not release Nelson from his
maintenance agreement, but he would have the right of action against
the company for the balance due, and would be compelled under the
law to perform his maintenance agreement.

The Traction Company did not wrongfully withhold the balance of
the money, but was fully justified in doing so, because the undisputed
evidence shows, and the jury and the court find that Nelson notified
that Traction Company that the work being done for it by his subcon-
tractor was not being done in accordance with the contract, and that
this was one of the reasons he would not maintain it, and clearly under
such facts the Traction Company was not compelled, in the face of such
notice from Nelson himself, to determine at its peril whether the work
had been done in accordance with the contract.

(In support of a motion for rehearing, overruled June 24, 1916.)

It seems to us that this court has probably been misled by the use of
the terms "set-off" and "counter-claim" in the defendant's answer and
in the trial court's findings. The court should bear in mind, however,
that under the pleadings this defendant in error was setting up claims
for repairs that should have been done by Nelson aggregating $29,607.48
and the further fact that the amounts allowed this defendant in error
by the jury and trial court exceeded the balance unpaid on the Nelson
contract by $689.08. This defendant in error not only set up said items
as a defense to Nelson's contract, but sought to recover an additional
sum due it by him under the contract. Regardless, however, of what
terms may have been used in the answer, the *facts* were set up and, as
said by Chief Justice James in this case, "the law looks upon a pleading
for what it contains, not for what it may be called." As a matter of
fact, however, it was proper in view of the amount that the Traction
Company was claiming that it should be set up as a counter-claim or
set-off, because *in so far as the Traction Company claim for repairs
exceeded the balance claimed to be due Nelson on the original contract,
it could only recover by pleading the same as a set-off or counter-claim.*
But it seems to us too clear to admit of dispute that in so far as the
repairs went to *extinguish the balance due Nelson,* it went to Nelson's
right of recovery and the question of limitation can have no application.
In other words, as found by the trial court and the Court of Civil
Appeals and approved by this court, Nelson agreed for the sum of
$93,554.30 not only to construct the pavement, but to maintain it for
a period of ten years. As said by this court in its opinion, "in the terms
of the contract itself the cost of the work of maintaining it was included
in the sum agreed to be paid by the Traction Company." Nelson in this
case sued for a balance claimed by him to be due on the entire sum of
$93,554.30. He sued for the entire sum that could in any event have
been due him even though he had built the pavement and had maintained

it for a period of ten years strictly in accordance with his contract. Now, the undisputed proof is that he not only did not maintain the pavement, but repudiated his obligation to do so and notified the Traction Company to that effect and notified it during the progress of a part of work being done by the Parker Washington Company under its agreement with him, that he would not maintain it because it was not being properly constructed. Now, notwithstanding these undisputed facts found by the court and jury, we have Nelson suing for the entire amount that could in any event have been due him, even though he had strictly performed his contract to the letter. The Traction Company in its answer set up that he had not performed his contract that he had defaulted in the performance of it, especially as to maintenance of the work, and the jury and trial court found that this was true. It does seem to us that in so far as he had defaulted in his contract he could not recover and in order to defeat a mere recovery by him on the contract it would not have been necessary for the Traction Company to have set up any counter-claim or set-off or to have prayed for any judgment whatever against him but would merely have had to allege the facts, which it did allege, that he had breached the contract and had not complied with it and that it had been compelled to expend as much or more money for repairs than the balance unpaid on the contract. Suppose this had been its only answer. Would it not have been entitled under such a pleading and under the evidence showing such to be the facts to have defeated any recovery by him against it?

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

We find it somewhat difficult to make a proper statement of the facts upon which the decision of this case depends, but we believe that it can be better accomplished by making liberal extracts from the opinion of the Court of Civil Appeals, which we do as follows:

"This suit was brought on May 22, 1905, by The Parker Washington Company against J. P. Nelson and others, to recover the price which Nelson had agreed to pay plaintiff as his subcontract for certain work done for the San Antonio Traction Company under Nelson's contract with it, and to foreclose a mechanic's lien upon the property of said Traction Company. Other defendants in this petition were the Nelson Paving Company and the San Antonio Traction Company and the Uvalde Asphalt Company.

"Nelson and the Nelson Paving Company filed a cross-action to recover against the Traction Company for what was due under Nelson's contract with said company and to foreclose mechanic's lien on the latter's property.

"The Traction Company defended against said actions upon the ground that the work done by the Parker Washington Company was not in accordance with Nelson's contract with it and claimed that it had paid more for the work done than it was reasonably worth; and it also

on January 3, 1911, filed a cross-action against Nelson and the Nelson Paving Company for breach of his contract with it.

"The case was determined by the trial court in special findings of the jury, supplemented with finding by the trial judge.

"The case comes here narrowed down to issues of law which concern solely the Traction Company and Nelson. It is, therefore, unnecessary to state in this opinion more from the voluminous record than is necessary to elucidate those issues.

"Nelson, on January 3, 1901, entered into a contract with the San Antonio Traction Company to lay for it the certain asphalt pavements in controversy here, and to maintain and repair the same for a period of ten years. He assigned this contract to the Nelson Paving Company. On October 26, 1901, he and the Nelson Paving Company, by subcontract, turned the work over to the Parker Washington Company, and the Parker Washington Company laid the pavement in controversy, completing the same December 20, 1901.

"The Traction Company had agreed to pay Nelson certain prices, partly as the work progressed and balance when the work was completed. The bulk of the price was paid during the progress of the work, but when completed the Traction Company refused to make the final payment.

"Nelson and the Nelson Paving Company had agreed to pay the Parker Washington Company the price named in the contract and whenever Nelson received payments from the Traction Company they were turned over to Parker Washington Company; but when it came to the final payment he refused to pay the Parker Washington Company, claiming that the money was not due from him until he was paid by the Traction Company; and Nelson announced that he refused to be bound by his contract to maintain the pavement and claims that his contract with the Traction Company to do so was discharged or terminated by said company's breach of its contract in refusing to make the final payment.

"The findings so far as material to this appeal were that the work when completed was in accordance with Nelson's contract, hence no valid reason existed in fact for the Traction Company's refusal to make the final payment when it was due. That Nelson was entitled to recover from it the sum of $18,516.52, this being the balance of the contract price, $11,819.51, with interest thereon to the date of the decree.

"There was also a finding that the San Antonio Traction Company was entitled to recover on its cross-action, against Nelson and the Nelson Paving Company, the sum of $15,714.40 and $3491.00 interest thereon to date of decree, making $19,205.60, for breach of Nelson's contract to maintain.

"The above allowance to the Traction Company resulted in a judgment being rendered in favor of said company against Nelson and the Nelson Paving Company for the difference, $689.08."

The provision of the contract on this subject reads as follows:

"The Contractor agrees to guarantee the pavement for a period of ten (10) years from the date of acceptance, which shall be when open to traffic, and during said period all defects in said pavement, upon notice from the Railway Company or the City Engineer or City Council, shall be immediately repaired by the Contractor at his own cost and expense and free of cost to the Railway Company or to the City of San Antonio, said Contractor agreeing that before he shall receive any money on this contract he will furnish to the Railway Company a bond in the sum of seventeen thousand dollars ($17,000) to be guaranteed by some surety company acceptable to the Railway Company, conditioned that said Contractor shall faithfully maintain said pavements for said period of ten (10) years, and shall pay all costs of preparing the pavement to be constructed hereunder during the said period of ten (10) years. The repairs shall be made at the time and in the manner and under the conditions specified in the contract of the City of San Antonio with the Parker-Washington Company.

"Nothing is found in the contract which conditioned the above obligation upon compliance by the Traction Company with its obligations to make payments in accordance with the contract. The fact is that the contract price it was to pay for the work amounted to $93,554.30 and it had paid during the progress of the work all but $11,819.51."

The application for writ of error is based upon the following two grounds:

First: That the Traction Company had, by refusing to pay the sum sued for, repudiated the contract between Nelson and the said Traction Company, and therefore could not make a defense under that contract.

Second: That the claim of the Traction Company was barred by the statute of limitation of four years.

There was no abandonment of the contract by the Traction Company, as the evidence appears in the record, but its demand was simply an enforcement of the terms of the contract by which it was entitled to a credit upon a balance due to the Nelson Company for the cost that it had been put to in maintaining the pavement. In the terms of the contract itself the cost of the work of maintaining it was included in the sum agreed to be paid by the Traction Company.

The claim set up by the Traction Company for a reduction of the demand made by the Nelson Company for the construction of the pavement was based upon the refusal of Nelson to perform his part of the contract for the construction and upkeep of the pavement itself. When the Nelson Company refused to make the necessary repairs upon the pavement in accordance with their contract they were guilty of a breach of that contract, and the Traction Company, being bound to the city to perform that work, had the right to perform it in accordance with its contract, and the measure of its recompense would be the cost to it of performing the work which Nelson had contracted to do, but had failed to perform. In order to determine the question of limitation upon this

claim of the Traction Company against Nelson we must ascertain what the contract was, and what the rights of the parties were under it. There was no sum specified to be paid by the Traction Company for the keeping of the pavement in repair.   It was all embraced in one lump sum, which was the price to be paid for the building of the pavement as well as the repairing of it.   Therefore, when Nelson refused to perform his part of the contract with regard to the pavement he was guilty of a breach of the terms of the said contract, and the Traction Company was entitled under the terms of that contract to do the work itself and its measure of compensation for so doing would be the cost to it of the work.

To determine the question of limitation upon the claim of the Traction Company for the work thus done we must first ascertain whether it constituted a payment to Nelson on the contract price for the whole work of constructing and keeping the pavement in repair.   If it was not a payment then it must have been in the nature of an off-set, because it could not be both, and the question arises, which is of some difficulty, can it be considered in any sense a payment?

There being no definite sum specified to be paid for the keeping of the pavement in repair, to ascertain the rights of the parties it was necessary to determine what it cost to perform the work when done by the Traction Company.   This being the case, it can not be said that the performance of the work was the payment of any part of the price specified in the contract with Nelson.   There was not a definite sum to be paid in satisfaction of that or for any portion of it, and it can not be claimed as a credit, because it was unascertainable except by determining what the work actually cost the Traction Company.   We therefore conclude upon these facts that the cost of maintaining the pavement paid by the Traction Company and claimed as a credit upon its obligation did not have the effect to satisfy so much of the obligation of the Nelson Company, there being no specified sum to which it could be applied.   It was in law a breach of the contract on the part of Nelson to refuse to perform that work and the right of the Traction Company was to recover damages, that is, the amount which it cost it to do the work which Nelson refused to do.

A sound and safe test in determining whether a claim of this character is to be regarded as a payment and satisfaction *pro tanto* of the claim of the opposite party or simply as a counter-claim or set-off which it has a right to assert in satisfaction thereof is: if it was a payment on Nelson's contract then the Traction Company could not have maintained any suit against Nelson to enforce that credit until action had been brought upon the original contract by Nelson, and it would then be applicable as a payment strictly.   In this case there was, as we stated above, no definite sum specified in the contract, upon which the damages claimed by the Traction Company could be ascertained, but it was necessary in order to determine that question that there should be proof of

what the work cost the Traction Company, which would be the measure of their damages for the breach of the contract.

It is well settled in the authorities and beyond question that if the Traction Company could have maintained the suit against Nelson to recover the amount paid for the repairs on the pavement, it was not a payment upon the sum agreed to be paid to Nelson, but would constitute damages which it was entitled to recover because the failure of Nelson to perform the work compelled the defendant in error in performance of its contract with the city to pay the amount claimed. In no sense can this be said to be a payment by the Traction Company to Nelson for the work of constructing the pavement and his obligation to keep it in repair.

The conclusion then is necessarily reached that if it was the subject of an independent action by the Traction Company against Nelson, and did not constitute payment to Nelson for any part of the contract made with the Traction Company, the statute of limitation would begin to run from the time each item of the claim against Nelson originated; and if due and payable more than four years before the institution of the action by Nelson against the Traction Company such claims of the Traction Company were barred by the statute of limitation. Holliman v. Rogers, 6 Texas, 91; Walker v. Fearhake, 22 Texas Civ. App., 61, 52 S. W., 629.

The plea of limitation by Nelson against all claims which had accrued more than four years prior to the institution of his suit against the Traction Company should have been sustained, and the refusal of the court to sustain that plea of limitation against such claims was such error as to make it necessary that the judgment should be reversed, but such items as accrued less than four years prior to the institution of the suit by Nelson were not barred. Crook v. M'Greal, 3 Texas, 487.

The claims of the Traction Company against Nelson which accrued after the institution of the latter's suit, but more than four years before the Traction Company filed its plea of set-off, were also barred.

It is therefore ordered that the judgment of the Court of Civil Appeals be reversed and the cause be remanded to the District Court for another trial, with instructions to follow this opinion in determining this issue between the parties.

*Reversed and remanded.*