# Morris-Buick Company v. Wirt Davis.

No. 6575.   Decided March 4, 1936.
(91 S. W., 2d Series, 313.)

*Burgess, Chrestman & Brundidge,* of Dallas, for plaintiff in error.

Defendants had the right to plead in abatement of the rental price after the convenant for the completion of the building had been breached and the damages, fixed by agreement, having accrued, he could abate the amount due for rentals by such amount. Mason v. Peterson, 250 S. W., 142; Rosborough v. Picton, 34 S. W., 791; 37 C. J., sec. 149.

*W. J. Rutledge, Jr.,* of Dallas, for defendant in error. Cited cases used in opinion.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

This suit was brought by the defendant in error, Wirt Davis, against the plaintiff in error, Morriss-Buick Company, a corporation, to recover the last two monthly installments of rental accruing to the defendant in error under a lease contract respecting a certain building in the City of Dallas. Judgment was rendered for Wirt Davis, and that judgment has been affirmed by the Court of Civil Appeals. 59 S. W. (2d) 937. The corporation was granted the writ of error.

The lease contract is in writing, and was executed on January 5, 1924. Under the terms of the contract the lessor, Davis, was to erect the building in question and was to put the lessee in possession thereof on June 1, 1924; and it was provided that in case possession was not given on that date, the lessor was to pay the lessee liquated damages, at the rate of $650.00 per month, for the period that possession was delayed. It was further provided that the lease term should be five years beginning June 1, 1924, but that, in case the building was not then completed, the lease term should begin on the date that the building was completed and the lessee given possession. The lessee was bound to pay the sum of $69,000.00 as rental, payable in stipulated monthly installments commencing with the lease term. The building was completed August 14, 1924, and the lessee was given possession on that date. The latter paid all monthly installments of rental as they fell due, except the last two which fell due June 14, and July 14, 1929, respectively. This suit was brought on May 19, 1931, to recover the amount of these two installments. The defendant, the Morriss-Buick Company, plead, as ground for recoupment, the amount due the company as liquidated damages under the provisions of the lease contract. The relevant facts were set out in detail. On exception interposed by Davis, this plea was stricken on the ground that the averments showed that the claim for liquidated damages was barred by the statute of four years limitation. This action of the trial court is up for review.

■ It is conceded by counsel for the plaintiff in error that as a basis for affirmative relief, by way of set-off, the claim for liquidated damages is barred by limitation, but it is contended that nevertheless, since such damages grow out of the same contract upon which Davis' claim for unpaid rental depends,

the same is available as ground for recoupment; and that since the remedy of recoupment is purely defensive in nature, the statute of limitation does not run against it. In support of this contention counsel cite many decisions by courts of other jurisdictions. But after careful consideration, we have concluded that the contention of counsel should be overruled. The intent of our remedial statutes (Arts. 2015-2017), regulating the subject of counter-claim and set-off, is such that the remedy of "recoupment", to the extent that same has been expanded and applied in some jurisdictions, has no place in the jurisprudence of this State.

■■ It is the law of this State that where the subject matter of a defense interposed by the defendant constitutes an independent cause of action which does not go to the foundation of the plaintiff's demand, it cannot effect a reduction of the amount of the plaintiff's recovery except by way of set-off, and the statutes of limitation are available to the plaintiff in respect to such defense. Nelson v. San Antonio Traction Co., 107 Texas, 180, 175 S. W., 434. On the other hand, if the subject matter of the defense be of an intrinsically defensive nature, which, if given effect, will operate merely as a negation of the plaintiff's asserted right to recover, or in abatement, either wholly or partially, of the amount claimed, the statute of limitation does not apply. Mason v. Peterson, 250 S. W., 142.

■ In the present instance the subject matter of the defense under consideration is of the nature first described. The breach by the lessor of his obligation to put the lessee in possession of the leased premises on June 1, 1924, afforded the latter a cause of action for the recovery of the liquated damages. The right to recover such damages is not regarded in this State as having the legal effect of a payment or as furnishing ground for the reduction, by way of recoupment or abatement, of the amount of the rental claim. Nelson v. Traction Co., supra. In order that no misunderstanding may occur, we deem it proper to say that if the lease contract had provided unconditionally for the lease term and the accrual of rental to begin June 1, 1924, the lessee, because of the delayed possession, would have been entitled to an abatement of a proportionate amount of the rental accruing under the lease contract. In such case, the partial failure of consideration for the lessee's promise to pay rental would constitute a defense pro tanto to the rental claim; and such defense having regard simply to the right of the lessor to demand payment of rental for the period

of the delayed possession would not be affected by the statute of limitation.

The judgment of the Court of Civil Appeals, affirming the trial court's judgment, is affirmed.

Opinion adopted by the Supreme Court March 4, 1936.