SOUTHERN PACIFIC COMPANY V. GEORGE A. PORTER.

No. A-7191. Decided January 6, 1960.
Rehearing Overruled February 3, 1960.
(331 S.W. 2d Series 42)

*Underwood, Wilson, Sutton, Heare & Boyce,* and *R. A. Wilson,* of Amarillo for petitioner.

The Court of Civil Appeals erred in overruling and failing to sustain petitioner's point of error that "the defense of recoupment, even in those jurisdictions were permitted, is available only as against a plea of limitation, and defendant's failure to give the written notice which his contract makes a condition

precedent to recovery bars the defense of recoupment." East Texas Motor Freight Lines v. United States, 239 Fed. 2d 417; 11 Am. Jur. 504; State National Bank v. Cantrell, 47 N.M. 389, 143 Pac. 2d 592, 152 A.L.R. 1216; Morriss-Buick Co. v. Davis 127 Texas 41, 91 S.W. 2d 313.

*Gibson, Ochsner, Harlan, Kinney & Morris* and *Wm. W. Gibson, Jr.*, of Amarillo, for respondent.

MR. JUSTICE NORVELL delivered the opinion of the Court.

The Court of Civil Appeals held as a matter of "federal law" that a shipper's claim for damages for the negligent handling of cattle in transit could be offset as a recoupment against the carrier's claim for freight charges. 319 S.W. 2d 810. The case of Pennsylvania Railroad Company v. Miller, 5th Cir., 124 F. 2d 160, writ of certiorari denied, 316 U.S. 676, 62 S. Ct. 1047, 86 L. ed. 1750 was relied upon as supporting this holding.

The present action involved an interstate shipment of 290 head of cattle from Kinsey, Montana to El Centro, California under the terms of the Uniform Live Stock Contract which contained the following provision:

"As a condition precedent to recovery, claims must be filed in writing with the receiving or delivering carrier, or carrier issuing this bill of lading, or carrier on whose line the loss, damage, injury or delay occurred, within nine months after delivery of the property (or, in case of export traffic, within nine months after delivery at port of export) or, in case of a failure to make delivery, then within nine months after a reasonable time for delivery has elapsed; and suits shall be instituted against any carrier only within two years and one day from the day when notice in writing is given by the carrier to the claimant that the carrier has disallowed the claim or any part or parts thereof specified in the notice. Where claims are not filed or suits are not instituted thereon in accordance with the foregoing provisions, no carrier hereunder shall be liable, and such claims will not be paid."

It was stipulated that the carrier was entitled to recover as prayed for in its petition, except as its right of recovery might be defeated by the shipper's pleaded theory of recoupment, and that no written notice of claim for damage to cattle was filed with the carrier within the nine month's period specified in the shipping contract. The trial court allowed the recoupment defense and its judgment was affirmed by the Court of Civil Appeals.

In Pennsylvania Railroad Co. v. Miller an identical or similar clause to that above set out was contained in a bill of lading covering three cars of onions, allegedly damaged in transit. As to the shipper's right to offset such damages against the carrier's freight charges, a difference of opinion between the judges developed. Judges Holmes and McCord held (1) that the time limit clauses in the bill of lading were limitation provisions and (2) that as long as the claim for freight was outstanding so was the right of recoupment based upon the damages to the onions. Judge Hutcheson, in dissenting, said:

"I think it clear that defendant's counter claim, for damages for negligence in handling the shipment on which the freight sued for was due, was not available to it. It was not available because, (1) by the last sentence of Sec. 2(b) of the bill of lading, 'where claims are not filed or suits are not instituted thereon in accordance with the foregoing provisions, no carrier hereunder shall be liable and such claims shall not be paid,' the claim was extinguished, and (2) if it was not extinguished, it was, under the settled rule in Texas, available only as a counter claim and not by way of recoupment and was therefore barred by limitation when asserted."

As we read the Miller case, it was the view of both the majority and the dissenting judge that the question of "recoupment" was a matter controlled by Texas and not federal law. The majority position upon the point was stated by Judge Holmes was as follows:

"The crux of this case lies in the distinction between an affirmative action for relief and a defense interposed in reduction or extinguishment of plaintiff's cause of action. The cited portion of the bill of lading is a limitation upon the time within which suits to enforce the recovery of claims may be instituted, and limits the period of existence of an action for recovery against the carrier, but is not a limitation upon a defense by way of recoupment. Appellee's answer set up the loss suffered by reason of the negligence of the carrier, but he sought no damages therefor; rather, he challenged the right of the carrier in equity and good conscience to recover from him on the cause of action alleged.

"The doctrine of recoupment was derived from the civil law, and was adopted as a part of the common law. Under it a defendant is entitled to claim, by way of deduction, all just allowances or demands accruing to him in respect of the same trans-

action that forms the ground of the action. This is not a set-off or counterclaim in the strict sense, because it is not in the nature of a cross demand, but rather it lessens or defeats any recovery by the plaintiff. It goes to the existence of plaintiff's claim, and is limited to the amount thereof. Being a part of the common law of England in 1840, it was expressly adopted by the State of Texas where this contract was made, and has existed since in unimpaired form in that state."

In his dissenting opinion Judge Hutcheson said:

"But, if I am mistaken in this, and the provision does not extinguish the liability but merely fixes a period of limitation within which suits can be brought, the opinion of the majority is no better based. For in Texas, and Texas law governs, defendant's claim for damages is not a defense to plaintiff's suit to be set up by way of recoupment, but a counter claim to be affirmatively sued on, and as such, it is barred. In support of its view, that defendant's claim for damages is available in recoupment rather than as a counter claim, the majority cites Federal cases and cases from other jurisdictions, and construed the Texas cases cited below as not in conflict therewith. With its general statement of the law as applicable elsewhere I have no quarrel, but the law in Texas is controlling, and as announced by the highest court of this state, in Morris-Buick Co. v. Davis, 127 Texas 41, 91 S.W. 2d 313, 314, it is, I think, exactly to the contrary of the view the majority takes. There expressly rejecting the cited decisions of the courts of other jurisdictions, the court declared: 'The intent of our remedial statutes * * * regulating the subject of counter-claim and set-off, is such that the remedy of recoupment, to the extent that same has been expanded and applied in some jurisdictions, has no place in the jurisprudence of this state. It is the law of this state that where the subject matter of a defense interposed by the defendant constitutes an independent cause of action which does not go to the foundation of the plaintiff's demand, it cannot effect a reduction of the amount of the plaintiff's recovery except by way of set-off, and the statutes of limitation are available to the plaintiff in respect to such defense. Nelson v. San Antonio Traction Co., 107 Texas 180, 175 S.W. 434. On the other hand, if the subject-matter of the defense be of an intrinsically defensive nature, which, if given effect, will operate merely as a negation of the plaintiff's asserted right to recover, or an abatement, either wholly or partially, of the amount claimed, the statute of limitation does not apply. Mason v. Peterson (Texas Com. App.), 250 S.W. 142.' "

**1** The Miller case seems to afford no basis for saying that the decision as to common law recoupment is based upon an Act of Congress or some other legally adopted federal regulation. "There is no federal general common law. Congress has no power to declare substantive rules of common law applicable in a state whether they be local in their nature or 'general,' be they commercial law or a part of the law of torts. And no clause in the constitution purports to confer such a power upon the federal courts." Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S. Ct. 817, 82 L. ed. 1188, 114 A.L.R. 1487; 15 C.J.S. 630, Common Law, section 16. The question then for our decision is whether the majority or the dissent in *Miller* expressed the correct view of common law recoupment as it exists in Texas. And this is true whether we regard the applicable law as being that of the place where the contract was made or that of the place where the suit was brought. (As to the conflict of laws question, see, 11 Am. Jur. 502, sections 189, 190.) In *Miller,* the contract was made in Texas and suit was brought in Texas. In the case now before us, the situation is essentially the same. Although it appears that the contract was executed in the State of Montana, Porter did not assert that the matter of recoupment should be determined by the law of Montana as the lex loci contractus, nor did he claim that the law of Montana on the point is different from that of Texas. Accordingly, we presume that they are identical. Milner v. Schaefer, Texas Civ, App., 211 S.W. 2d 600, wr. ref.

**2** The question of common law recoupment in Texas is to be determined in accordance with the decisions of this Court. Texas was never a British colony nor an American territory and the common law comes to us by adoption rather than by inheritance, so to speak. The Congressional Act of January 20, 1840, 2 Gammel's Laws, p. 177, Article 1, Vernon's Ann. Texas Stats., simply makes the common law of England, so far as it is consistent with our constitutional and legislative enactments, the rule of decision in Texas. No English statutes were adopted, Paul v. Ball, 31 Texas 10, 15, and although Texas was an independent republic in 1840, the Act of the Congress of that year was not construed as referring to the common law as applied in England in 1840, but rather to the English common law as declared by the courts of the various states of the United States. Grigsby v. Reib, 105 Texas 597, 153 S.W. 1124, L.R.A. 1915E 1, Ann Cas. 1915C 1011. See also, Clarendon Land I. A. Co. v. McClelland Bros., 86 Texas 179, 23 S.W. 576, 1100, 22 L.R.A. 105; Diversion Lake Club v. Heath, 126 Texas 129, 86 S.W. 2d 441. The common law of Texas is somewhat unique in origin and

its development has not in all respects coincided with the general course of evolution discernable throughout the other American states. However that may be, the Texas decisions control the point in this case and these holdings are fatal to a resopndent's asserted recoupment. The narrow scope of recoupment in Texas is illustrated by the case of Mason v. Peterson, Texas Com. App., 250 S.W. 142, holdings approved by the Supreme Court. It must be predicated upon a factor which would vitiate a contract either in whole or in part as of the time the contract was made. The claim asserted by Porter in the present case is clearly a counter claim under the holding of Morris-Buick Co. v. Davis, 127 Texas 41, 91 S.W. 2d 313 and barred under the contractual time limitations set forth in the Uniform Live Stock Contract.

The judgments of the trial court and the Court of Civil Appeals are reversed and judgment here rendered for Southern Pacific Company and against George A. Porter for the sum of $4,319.50 as prayed for in the petition, together with interest thereon from April 10, 1958 (the date of the trial court's judgment) until paid at the rate of six per centum per annum.

Reversed and rendered.

Opinion delivered January 6. 1960.

MR. JUSTICE CULVER, joined by JUSTICES SMITH and GREEN-HILL dissenting.

The question of law presented here is whether in a suit by petitioner-Railway Company, to recover freight charges for an interstate shipment of cattle by connecting carriers from Montana to California, the respondent-shipper may interpose defensively a claim for damages by way of recoupment although the claim if asserted as a setoff or counterclaim was barred by limitations. This question was resolved in favor of the shipper by the trial court and affirmed by the Court of Civil Appeals. 319 S.W. 2d 810.

The case of Pennsylvania Railway Company v. Miller, 124 F. 2d 160 (writ of certiorari denied)[1] appears to be the only one wherein the precise question has been considered. That decision of the 5th Circuit affirming a judgment from the Eastern District of Texas I regard as controlling and on that basis agree with the conclusion formed by the Court of Civil Appeals.

1.—316 U.S. 676, 86 L. Ed. 1750, 62 S.C. 1047.

On this question the petitioner contends, first, that the defense of recoupment, even in those jurisdictions where permitted, is available only as against a plea of limitation and respondent's failure to give the written notice which the contract makes a condition precedent to recovery bars the defense of recoupment. Second, that whether the matters relied on by respondent can be asserted as a defense by way of recoupment is determined by the state law rather than the federal law and that under the law of Texas the defense of recoupment did not exist in this instance.

Petitioners argue that the Miller case stands for the proposition that the law of the forum must be followed in determining whether or not the defensive plea of recoupment will be permitted but that while the Court in that case permitted recoupment to be interposed it misconstrued the Texas law. Petitioner points out that the dissenting opinion predicated its disagreement on that phase of the case upon Morris-Buick Co. v. Davis, 127 Texas 41, 91 S.W. 2d 313, where we said: "The intent of our remedial statutes (Articles 2015-2017), regulating the subject of counterclaim and setoff, is such that the remedy of recoupment, to the extent that same has been expanded and applied in some jurisdictions, has no place in the jurisprudence of this state." That pronouncement has not been overruled or modified and represents the law in Texas as it exists and at the time of the Miller decision. On this premise petitioner concludes that the Miller case was incorrectly decided and a different result should obtain here.

Now regardless of what is said in the dissent about the Texas law controlling, it is quite evident that the majority was well aware of the Miller-Buick decision, having expressly cited it in their opinion. What the majority held amounts to this, that recoupment is recognized as a part of the common law that was adopted by the State of Texas and by most of the other states and based their decision not on the law of Texas as it presently affects a plea of recoupment, but rather upon the common law principles generally as adopted by Texas and the other states, and as accepted and enforced by the federal courts. Pursuant to the Carmack Amendment, (U.S.C.A., Title 49, Sec. 20, #11), no remedial state legislation is effective.

In denying writ of certiorari the Supreme Court must have done so in the light of and in spite of the views expressed in the dissent.

In the field of federal taxation the defense of recoupment

has been expressly recognized even though the claim would have been barred if asserted as an independent suit or counterclaim or setoff for the reason, it is said, that recoupment is in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's action is grounded. The federal courts hold that the claim asserted defensively is not barred by the statute of limitations so long as the main action is timely brought. Bull v. United States, 295 U.S. 247, 79 L. Ed. 142.

The petitioner quotes from American Jurisprudence, Vol. 11, Conflict of Laws, Section 190, where it is said that by the weight of authority the law of setoff and counterclaim is remedial in its nature rather than substantive, but we are impressed by the contrary contention asserted by the respondent and supported by the preceding section 189 to the effect that defensive matters are generally regarded as substantive rather than remedial and not controlled by lex fori. Recoupment is solely defensive in its function.

Thus I am convinced that regardless of local law a federal question is here raised and the decisions of the federal courts control.

The only factual distinction pointed out between the case at bar and Pennsylvania v. Miller, is that in the latter case notice of the loss was timely filed by the shipper and disallowed by the carrier, while in our case no notice was given by the shipper at any time. No authority is cited on this point of distinction and we think that the failure to file notice would have no bearing on the right of the appellee to present his claim defensively nor that the failure of the shipper to have filed written notice of claim would have resulted in a contrary holding in that case. Under the terms of the shipment contract written notice of the loss or damage was to be filed within nine months after delivery to be followed by suit within two years after disallowance of the claim and these were both conditions precedent to recovery. Whether the claim be barred as a setoff by reason of the failure to give timely notice of the claim or by the failure to assert the claim as a setoff within the 2-year period would seem to make no difference so far as the right to assert the claim defensively by way of recoupment is concerned. In either instance the claim would be barred as a matter of affirmative relief. The uniform livestock contract in evidence here provides in part as follows:

"* * * Where claims are not filed or suits are not instituted

thereon in accordance with the foregoing provisions, no carrier hereunder shall be liable, and such claim will not be paid."

I therefore respectfully dissent from the holding of the majority.

Opinion delivered January 6, 1960.

Rehearing overruled February 3, 1960.