Floyd SWAIM, Individually and d/b/a Floyd Swaim Company, Appellant,

v.

INTERNATIONAL HARVESTER COMPANY, Appellee.

No. 17472.

Court of Civil Appeals of Texas, Fort Worth.

Jan. 25, 1974.

Rehearing Denied March 1, 1974.

Robert C. Carson, Callaway & Marshall, and Clyde M. Marshall, Jr., Fort Worth, for appellant.

Thompson, Knight, Simmons & Bullion, and John A. Mackintosh, Jr., Dallas, for appellee.

OPINION

MASSEY, Chief Justice.

As plaintiff below International Harvester Company was granted summary judgment against defendant Floyd Swaim, who appealed.

We affirm.

On or about July 31, 1970, defendant became indebted to International Harvester Company, and by contract such indebted-

ness should have been paid on that day in Tarrant County, Texas. The defendant did not make compensation by paying such indebtedness, and as a result an agent, servant and employee of the plaintiff followed and encountered him at El Paso, Texas, on either the following or the day after.

At El Paso on such occasion, in the presence of others and because of inability or refusal of the defendant to pay the plaintiff immediately, words were uttered attributable to the plaintiff which constituted slander (or, at least raised the fact thereof).

Within one year from that time plaintiff brought suit against defendant to recover the indebtedness, plus attorney's fees. By answer filed within one year from that time defendant recited in his pleadings: "3. Defendant further says that plaintiff is liable and indebted to this defendant in a sum much greater than that sued upon by plaintiff, which would more than offset the claim of plaintiff, and which will be asserted herein by cross-action as soon as this defendant can prepare same for filing."

Over one and one-half years after such El Paso occasion the defendant did file a cross-action by which for the first time he sought affirmative relief of the plaintiff in the form of damages for slander. The amount of damages sought was more than double the indebtedness sued upon by plaintiff.

In response to such cross-action the plaintiff filed its plea of limitation, asserting that the entirety of defendant's cross-action was barred by the one year statute of limitations. Vernon's Ann.Tex.Civ.St. Art. 5524, "Actions to be commenced in one year", provides: "There shall be commenced and prosecuted within one year after the cause of action shall have accrued, and not afterward, all actions or suits in courts of the following description: 1. Actions for malicious prosecution or for

injuries done to the character or reputation of another by libel or slander. 2. . . . ."

A brief discussion later will dwell upon the propriety of the summary judgment for plaintiff in respect to its own claim against the defendant, but we will initially discuss the propriety of such summary judgment in respect to the action of the court, as a part thereof, by striking the entire cause of action asserted by defendant's cross-action upon holding that it was barred by the above quoted statute of limitation.

Our holding is that limitation of the statute did apply to defendant's cross-action, and that the trial court properly sustained plaintiff's plea of limitation with the consequence an entire cancellation of the defendant's case against plaintiff.

Plaintiff's contention is that defendant must have filed his cross-action in which there was contained a prayer for unliquidated damages for slander within one year from the date of the alleged slander in order to escape operation of the statute which it plead against defendant.

Defendant's contention is that mention of the fact in his earlier pleadings that he possessed the right to assert a cause of action by cross-action (not yet filed but which he stated he would file) was sufficient to toll the statute so long as he did thereafter file such cross-action and pray for relief thereunder. Furthermore, and aside therefrom, defendant contends that he had the right to file and maintain his cross-action—as a counterclaim—by the provisions of Texas Rules of Civil Procedure, rule 97, "Counterclaim and Cross-Claim," by its section (a), reading in part as follows: "Compulsory Counterclaims. A pleading shall state as a counterclaim any claim within the jurisdiction of the court, not the subject of a pending action, which at the time of filing the pleading the pleader has against any opposing party, *if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim* and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction; . . . ." (Emphasis supplied.)

By language in connection with Rule 97 the defendant states further in his brief: "Moreover, a plaintiff's own institution of suit will suspend the running of limitations against a plea of setoff, where the claim was existing at the time suit was filed, *arises from the same transaction which is the basis of plaintiff's suit,* and was known to the plaintiff. Crook vs. McGreal, 3 Tex. 487 (1848); Birk v. Jackson, 75 S. W.2d 918 (Eastland, Civ.App.1934, err. dismd.); 52 TexJur.2d 220, 'Set-off, Counterclaim, etc.', Sec. 25. . . . ." (Emphasis supplied.)

■ So, under defendant's own presentation, he has correctly stated the law to the effect that the running of limitations will be suspended so that a plea of set-off may be asserted by cross-action *after* it otherwise would be subject to a plea of limitation if it arises from the same transaction which is the basis of the plaintiff's suit against him and was known to plaintiff.

Properly analyzed the decisive question to be resolved on appeal is whether the transaction which was the basis of plaintiff's suit; to-wit, accrual of the debt which should have been paid July 31, 1970, was the transaction out of which the defendant's cause of action for slander arose two days later.

■ Our holding is against defendant's contention that the mention in his pleading filed within one year that he intended to file cross-action for damages for slander protected him so that his later-filed suit by way of cross-action praying for the recovery of damages flowing therefrom was not subject to plaintiff's limitation plea. By such statement in the pleadings neither plaintiff nor defendant were bound any-more than they would have been bound had defendant, passing on the street, made similar oral statement to plaintiff.

■ The interesting decisive question, however, whether the defendant's cause of action for slander arose out of the same transaction which was the basis for plaintiff's suit for debt, compelled our research.

The section we have quoted from, T.R. C.P. 97, "Counterclaim and Cross-Claim", was in effect at the time of the Supreme Court opinion in Southern Pacific Company v. Porter, 160 Tex. 329, 331 S.W.2d 42, 45 (1960). Therein the court wrote on the question of whether a shipper's claim for damages for the negligent handling of cattle in transit could be offset *as a recoupment* against the carrier's claim for freight charges by cause of action filed beyond a nine-month limitation period provided contractually. The court wrote: "The question of common law recoupment in Texas is to be determined in accordance with the decisions of this Court. . . . The narrow scope of recoupment in Texas is illustrated by the case of Mason v. Peterson, Tex.Com.App., 250 S.W. 142, holdings approved by the Supreme Court. It must be predicated upon a factor which would vitiate a contract either in whole or in part as of the time the contract was made. The claim asserted by Porter in the present case is clearly a counter claim under the holding of Morriss-Buick Co. v. Davis, 127 Tex. 41, 91 S.W.2d 313 and barred under the contractual time limitations set forth in the Uniform Live Stock Contract." See 34 Texas Digest, "Set-Off and Counterclaim", ☞6, "(Grounds and scope of remedy)—Recoupment or reconvention".

Beginning at 250 S.W. page 146, in the case of Mason v. Peterson, supra, upon which the Supreme Court relied in Southern Pacific Company v. Porter, supra, is a rather elaborate dissertation upon the application of a statute of limitations in a case such as that before us, with examples used for illustrative purposes. In the court's discussion is stated (250 S.W. p. 147): " . . . The distinction between partial or total failure of consideration of a contract by reason of fraud or mutual mistake, as a defense to an action on the contract of sale, on the one hand, and the right of action for damages for breach of or failure to comply with a contract, on the other, is clearly drawn in the following cases: (citing cases). In the former the relief may be awarded in abatement of the price contracted to be paid, and when so sought it is purely defensive matter; whereas the right to relief for breach of contract is clearly independent of the obligation of the purchaser to pay the contract price, and relief is awarded in a suit for the price only by way of set-off or counterclaim, as to which limitation is a recognized plea. In the present case the relief sought by the defendant was only in abatement of the amount of his obligation as represented by the purchase-money notes, and was clearly pleaded only as defensive matter. It was in no sense a cross-action or counterclaim; and we think clearly the Court of Civil Appeals correctly held that it was not affected by our statutes of limitation."

Of the cases cited in Mason v. Peterson, supra, we find the most informative that of Berry Bros. v. Fairbanks, Morse & Co., 51 Tex.Civ.App. 558, 112 S.W. 427, 429 (1908, no writ hist.).

Another informative case is that of Alley v. Bessemer Gas Engine Co., 228 S.W. 963, 967 (Amarillo Civ.App., 1921, dism.), in which it is said: " . . . The claims of the plaintiff and the defendant in this action were upon different causes of action —one being upon a debt evidenced by the written contract; the other for unliquidated damages, arising from personal injury, alleged to have been occasioned by the negligent act of plaintiff in erecting the engine. There being no definite sum specified in the contract for defendant's cause of action, it became necessary to ascertain the rights of the parties upon such failure or negligent act. It cannot, therefore, be said that the injury was a payment of the contract or a failure of consideration therefor. Against the cause set up by the plea in reconvention, limitation will run up

to the time of the filing of the plea, and the trial court, we think, correctly so held. (Citing cases.)"

In Morriss-Buick Co. v. Davis, 127 Tex. 41, 91 S.W.2d 313 (1936) it is written: "It is the law of this state that where the subject-matter of a defense interposed by the defendant constitutes an independent cause of action which does not go to the foundation of the plaintiff's demand, it cannot effect a reduction of the amount of the plaintiff's recovery except by way of setoff, and the statutes of limitation are available to the plaintiff in respect to such defense. Nelson v. San Antonio Traction Co., 107 Tex. 180, 175 S.W. 434. On the other hand, if the subject-matter of the defense be of an intrinsically defensive nature, which, if given effect, will operate merely as a negation of the plaintiff's asserted right to recover, or in abatement, either wholly or partially, of the amount claimed, the statute of limitation does not apply. Mason v. Peterson (Tex.Com.App.) 250 S.W. 142."

In the instant case the plaintiff in opposing the defendant's right to assert a cause of action for damages against it was entitled to prevail upon its plea of limitation in the trial court.

The defendant further charges impropriety in the summary judgment because the pleadings of the plaintiff sought a recovery of attorney's fees against him. The language of the pleadings stand unaltered in the transcript filed in this Court. Therein, however, we find a docket sheet of the court reciting that upon hearing of the motion for summary judgment plaintiff waived its claim for attorney's fees. No part of the summary judgment awarded attorney's fees.

Our holding is that even without the presence of the docket of the court defendant was availed nothing by the court's failure to award some attorney's fees to the plaintiff. The judgment was a final judgment according to its face. Nothing was left to be litigated by either party against the other. It might be said that defendant won a victory of a sort by reason of the fact that plaintiff did not recover of him the attorney's fees for which it sued. In any event an appellant is confined in his complaint on appeal to prejudicial error, and here it could not be said that the final summary judgment rendered had prejudiced him because it did not contain an award against him for attorney's fees. It would only have been in the event that the award against him burdened him with an obligation to pay attorney's fees that he would have been entitled to complain on appeal.

In his deposition, before the court for purposes of summary judgment hearing, the defendant had acknowledged his liability for the indebtedness sued upon by plaintiff, save and except for his right of recovery against plaintiff by his cross-action for unliquidated damages. Therefore, the trial court, correct in sustaining the plaintiff's plea of limitation to defendant's cross-action, was also correct in rendering summary judgment on plaintiff's suit against the defendant for the indebtedness owing.

Judgment is affirmed.