J. T. ARNETT GRAIN COMPANY, INC., et al., Appellants,

v.

HOBBS TRAILERS, a division of Fruehauf Corporation, Appellee.

No. 5555.

Court of Civil Appeals of Texas, Waco.

July 15, 1976.

Rehearing Denied Aug. 19, 1976.

Davey, Conrad, Enderby, Fitzgerald & Zimmermann, Ken R. Davey, Dallas, for appellants.

Mays, Jacobs & Pevehouse, J. C. Jacobs, Corsicana, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by appellants Arnett from judgment NOV, rendered in favor of appellee Hobbs.

Arnett filed suit against Hobbs on January 26, 1973 for a) Damages resulting from 4 defective and inadequate Arctic trailer air conditioning units Hobbs had sold Arnett, and b) To enjoin Hobbs from repossessing certain trailers.

On March 13, 1973 the trial court enjoined Hobbs from repossessing 3 trailers leased to Arnett (units 260, 257 and 258), and 9 purchased units.

On September 12, 1974 Arnett filed 1st Amended Petition: 1) seeking damages on account of the 4 defective Arctic trailer air conditioners; and 2) plead Hobbs represented that the 3 leased units would belong to Arnett at the end of the lease period upon payment of $1. each; that such representations were false; made to induce Arnett to enter the agreements; that same were material; relied upon by Arnett; and that

Arnett had tendered the $1. payment for each trailer. Arnett prayed for 1) damages for the 4 defective Arctic units; and 2) title and possession of the 3 leased trailers.

On October 9, 1974 Hobbs filed 1st Amended Answer and Cross Action.

Hobbs' answer plead: 1) The 4 year statute of limitations bars Arnett's recovery of damages for the 4 defective Arctic air conditioners; 2) The 3 trailers sought by Arnett were leased to Arnett, such leases having expired May 31, 1973; 3) The written leases for same constituted the entire agreement, and cannot be varied by parol evidence.

Hobbs' cross action plead: 1) Arnett owes Hobbs $11,081.28 due on purchase contracts of trailers; 2) Arnett retained the 3 leased units (260, 257, and 258) for 16 months after such leases expired, and owes Hobbs $13,440. for reasonable rental after such leases expired.

On April 7, 1975 Arnett filed 1st Amended Answer to Hobbs' cross action reasserting: 1) Entitlement to damages on account of the 4 defective Arctic air conditioning units; and 2) That the 3 lease contracts were induced by fraud.

Trial was to a jury pertinent findings of which are summarized as follows:

1) Hobbs knew the purpose for which the Arctic units were purchased.

2) Arnett relied on the skill and experience of Hobbs in purchasing the Arctic units.

3) Hobbs should have known Arnett would rely on its skill and experience in furnishing refrigeration equipment to do the work for which it was intended.

4) The Arctic units were not suitable to do the work for which Arnett bought them.

5) Arnett suffered damage as a result of the unsuitability of the Arctic units.

6) At the time Arnett leased the trailers from Hobbs, Harper did not tell Arnett the leases were actually lease-

purchase agreements under which Arnett could pay a residual sum at the end of the lease periods and get title to the trailers.

7) At the time Arnett leased the trailers from Hobbs, Harper told Arnett the leases were actually lease-purchase agreements under which Arnett could pay $1. for each trailer at the end of the lease period and get title to the trailers.

8) At the time such statements were made, Harper had authority from Hobbs to make them.

9) Such representations by Harper were false.

10) Harper did not know the representations he made to Arnett were false.

11) Arnett relied on such false representations in entering the lease contracts.

12) Such representations were material inducements to Arnett to enter the lease contracts.

13), 14) Fixed Arnett's damages on account of the defective Arctic units; A) $1872.; B) $1782.25; C) $1752.25; D) $1752.25.

15) Under the agreements of the parties Arnett would be entitled to ownership of the trailers for $1. each at the end of the leasing periods.

16) The Arctic units were not selected by Arnett relying on his own knowledge.

17), 18), 19) The reasonable rental value per month of trailer # 257 is $275.; of # 258 is $275.; of # 260 is $325.

Both Arnett and Hobbs moved for judgment.

The trial court rendered judgment:

1) Holding Arnett's cause of action on the air conditioning units established by Issues 1 thru 5 barred by limitation.

2) Holding Arnett not entitled to recover the 3 leased trailers under Issues 6 thru 11, and 15, because the answers of the jury to such special issues "are in violation of the Parol Evidence Rule."

3) Decreeing recovery by Hobbs against Arnett for $11,081.28 on accounts due, plus interest at 6% from April 16, 1975;

4) Decreeing recovery by Hobbs against Arnett for $13,440, as reasonable rental value of the 3 leased units after expiration of the leases.

Arnett appeals on 6 points summarized as follows:

1) Points 4 and 5 assert the trial court erred in rendering judgment NOV on Arnett's cause of action for fraudulent inducement of the lease contracts, because such was supported by pleadings, evidence, and jury findings; and erred in holding the Parol Evidence Rule excluded proof of fraud in the inducement of such lease contracts.

2) Points 1, 2 and 3 assert the trial court erred in granting judgment NOV on a holding Arnett's cause of action for the air conditioning units was barred by limitation, because the Statute of Limitation is inapplicable.

Succinctly stated the case proceeded to trial under pleadings wherein Hobbs sought judgment against Arnett for $11,081.28 for accounts due; and for $13,440. reasonable rental of trailers # 257, # 258, and # 260, allegedly retained by Arnett after leases on same had expired.

Arnett plead for offset against Hobbs for any amounts he owed, on account of defective air conditioning units which Hobbs sold Arnett; and plead the leases on trailers # 257, # 258 and # 260 were induced by fraud of Hobbs, and were actually lease-purchase agreements under which Arnett would own the trailers at the expiration of the leases upon payment of $1., each which he had tendered.

The evidence was undisputed that Arnett owed Hobbs $11,081.28; the jury fixed Arnett's damages at $7158.75 for the defective air conditioners; found the lease contracts on the 3 leased trailers were induced by fraud; were actually lease-purchase agreements under which Arnett could pay $1. for

each trailer at end of the lease period; and get title to the trailers.

As noted the trial court rendered judgment holding: "Arnett's cause of action on the air conditioning units barred by limitation; 2) the Parol Evidence Rule precluded Arnett from showing the true agreement on the 3 leased trailers; and decreeing Hobbs recover against Arnett: 1) for $11,081.28 on accounts owed; and 2) $13,340. rental on the 3 leased trailers after expiration of the leases.

Contention 1 asserts the trial court erred in rendering judgment NOV on Arnett's cause of action for fraudulent inducement of the lease contracts; and in holding the Parol Evidence Rule excluded proof of fraud in the inducement of such contracts.

■ One who is induced by fraud to enter into a contract has his choice of remedies. He may stand to the bargain and recover damages, or he may rescind; and the parol evidence rule does not stand in the way of proof of such fraud. *Dallas Farm Machinery Co. v. Reaves*, 158 Tex. 1, 307 S.W.2d 233; *Berry v. Abilene Savings Ass'n*, Tex.Civ.App. (Eastland) NRE, 513 S.W.2d 872; *Central Motor Co. v. Thompson*, Tex.Civ.App. (Waco) NWH, 465 S.W.2d 405.

■ Hobbs' witnesses Rowle, Meyer, Case, Shumate and Griffin all testified that Hobbs had 2 types of leases:

1) Where the customer pays the full price in the lease, and gets title to the equipment at the conclusion of the lease for $1. and 2) Where the customer pays rental only, and gets title at the conclusion of the lease for a "residual value".

Arnett and the witness Harper, (employee of Hobbs who dealt with Arnett), both testified that the leases here involved were full payout leases, and that Arnett was told he would get title to the trailers for $1. at the conclusion of the lease period. Arnett tendered $1. on the 3 lease units to Hobbs. There is evidence the lease-purchase arrangements were set up for tax purposes; and that the buyer (lessee) just had to rely on Hobbs' honesty to convey title at the conclusion of the lease period. There is evidence that the leases here involved were (by the amount of the monthly lease payments) "residual value" leases; and that the "residual value" of the trailers here involved were approximately $1400., $1400., and $1700.

There is evidence that the fair market value of the 3 leased units at expiration of the lease were in excess of $6000. each.

Arnett plead fraud in the inducement; the jury found same; and the evidence is ample to sustain such findings. And parol evidence is admissible to prove such facts.

Contention 1 is sustained.

Contention 2 asserts the trial court erred in granting judgment NOV on a holding Arnett's cause for damage for the defective air conditioning units was barred by limitation. The damages on account of the defective air conditioners in jury finding 13, were on trailers in no way related to Hobbs' claim for $11,081.28.

■ Where the subject matter of a defense interposed by a defendant constitutes an independent cause of action which does not go to the foundation of plaintiff's demand, it cannot effect a reduction of the amount of the plaintiff's recovery except by way of set-off, and the statutes of limitation are available to the plaintiff in respect to such defense. *Morriss-Buick Co. v. Davis*, 127 Tex. 41, 91 S.W.2d 313; *So. Pacific Co. v. Porter*, 160 Tex. 329, 331 S.W.2d 42.

Since the damages on account of the air conditioning units were not related to Hobbs' claim for the $11,081.28, the statute of limitations under the record is available to Hobbs.

Contention 2 is overruled.

The judgment of the trial court is reversed and judgment is here rendered awarding:

1) Arnett title and possession to trailer units # 257, # 258, and # 260.

2) Hobbs' judgment against Arnett for $11,081.28, plus interest at 6% from April 16, 1975.

REVERSED AND RENDERED IN PART; AFFIRMED IN PART.