Maurice W. CURRY, Appellant,

v.

Henry L. GIRARD, Appellee.

No. 17457.

Court of Civil Appeals of Texas, Fort Worth.

Dec. 7, 1973.

---

Law Offices of Tom Upchurch, Jr., by Buddy Wright, Fort Worth, for appellant.

Law Offices of Don Gladden, by Marvin Collins, Fort Worth, for appellee.

## OPINION

MASSEY, Chief Justice.

Henry L. Girard obtained a judgment for actual and exemplary damages sustained as the result of an alleged malicious conspiracy on the part of Maurice W. Curry, Tom Averitt and George W. Hilton, plus the actual assault made upon him pursuant thereto. Curry appealed.

Judgment affirmed.

At the outset we take note that Curry did not make any objection to the charge by which the case was submitted to the jury. (Neither did Averitt or Hilton object.) Therein was inquiry severally posed as applied to whether Curry, Averitt and Hilton had assaulted Girard; and, conditioned upon an affirmative answer thereto, inquiry made as to the amount of actual damages which would fairly compensate Girard for his injuries thereby occasioned. In each of such special issues so conditioned there was instruction to the jury that it should take into consideration Girard's past mental anguish and physical pain, medical expenses, and loss of earnings. Our conclusion and holding is that there was evidence of probative force and

effect on Girard's physical pain and mental anguish, but there was absolutely no evidence concerning his medical expenses or loss of earnings.

Under these circumstances we are bound to treat the findings upon actual damages as binding. That there was "no evidence" or "insufficient evidence" as applied to some element or elements of the ultimate damage issue(s) does not entitle a complainant to a holding by an appellate court that reversible error exists if there persists in the issue an element which gives it the status of an "ultimate" issue. For reversible error to be demonstrated in such an instance complaint must be based upon an objection made before the case was submitted to the jury, and the objection one which directed the attention of the court to the absence of evidence entitling the jury to answer the special issue by consideration of the element(s) as to which there was want of evidence. See Texas Rules of Civil Procedure on Charge to the Jury, particularly T.R.C.P. 272, "Requisites", T.R.C.P. 274, "Objections and Requests", T.R.C.P. 277, "Special Issues", and T.R.C.P. 279, "Submission of Issues". Hodges on Special Issue Submission in Texas, p. 147 et seq., "Complaints of the Charge", B. "Waiver From Insufficient Complaint", Sec. 58, "Grounds of Waiver", Sec. 59, "Consequence of Waiver"; Hodges v. Plasky, 300 S.W.2d 955 (Austin, Tex.Civ.App., 1957, writ ref., n. r. e.); Hicks v. Fredericks, 286 S.W.2d 315 (Beaumont, Tex.Civ.App., 1955, no writ hist.); Safeway Stores Incorporated v. Bozeman, 394 S.W.2d 532 (Tyler, Tex. Civ.App., 1965, writ ref., n. r. e.); 38 Tex. Law Review 361 (April 1960), "'No Evidence' and 'Insufficient Evidence' Points of Error", by Robert W. Calvert, later Chief Justice Supreme Court of Texas.

By subsequent answers to special issues the jury found that Curry, Averitt and Hilton entered into a conspiracy to commit the assault and battery upon Girard, and that each of them in the assault they did

commit upon Girard, was activated by malice. By other answers the jury found, individually, the amounts Curry, Averitt and Hilton should be assessed as exemplary damages to be awarded Girard.

In view of the special issue finding of joinder of Curry, Averitt and Hilton into conspiracy to assault Girard, the trial court entered its judgment as a joint and several judgment against each of them for the actual and exemplary damages awarded Girard. Under the several damage findings this resulted in Curry's liability for damages amounting to approximately five times the amount for which he would have been individually liable had there been no finding of conspiracy. (Curry's individual action in the assault and battery was minor as compared to the action of his co-conspirators, they having delivered the more effective blows to Girard.)

All the parties were members of the same Union organization.

The evidence, either direct or circumstantial, was such as to warrant the jury in a belief that there was pre-existing bitterness over a matter of interest to the Union. Further, that this bad feeling resulted in an antecedent plan to entice Girard into a room where he was "baited" into striking Curry, whereupon Hilton, who was present, held Girard while Averitt—entering from an adjoining room—proceeded to beat him rather thoroughly. Alternatively, from the same evidence, the jury was warranted in believing that if the altercation was not planned there was a tacit agreement between Curry, Hilton and Averitt immediately upon Girard's having struck Curry, to collectively give Girard a sound thrashing without interruption. There is evidence in the record that the door between that in which the altercation was progressing and the hall in which numerous other Union members were present was closed and locked immediately after the assault upon Girard was begun, so that by the time such other members could gain entry to interfere in the altercation (during which time the assault upon Girard continued), Girard had been rather thoroughly chastised.

 Either of the above could have been the conclusion of the jury; and whichever was believed there was at least a part of the assault and battery upon Girard which the jury was entitled to find to have been a consequence of a conspiracy entered into by Curry, Averitt and Hilton.

Therefore the verdict and judgment was in all particulars supported by evidence having probative force and effect. As we construe complaint by Curry's points of error, thrust thereof contended the contrary.

In any event, as we understand them, each of the points of error presented has been severally considered and each is overruled.

Judgment is affirmed.