**TEXAS CONSTRUCTION SERVICE COMPANY OF AUSTIN, INC., Appellant,**

v.

**John ALLEN, Appellee.**

**No. 2160cv.**

Court of Appeals of Texas, Corpus Christi.

May 20, 1982.

Rehearing Denied June 17, 1982.

J. Kenneth Dahlberg, Jr., Dahlberg & Moss, Corpus Christi, for appellant.

Ernest H. Cannon, Houston, Russell H. McMains, Edwards & Perry, Corpus Christi, for appellee.

Before NYE, C. J., and BISSETT and YOUNG, JJ.

## OPINION

NYE, Chief Justice.

This is a personal injury case. Defendant-appellant, Texas Construction Company

of Austin, Inc. (Texas Construction), is appealing from a jury verdict that awarded damages to the plaintiff (appellee), John Allen. Mr. Allen brought suit to recover damages for injuries sustained to his eyes while working at the South Texas Nuclear Project in March, 1978. The accident occurred when Allen was working behind Texas Construction's truck and it began spraying lime. The lime came in contact with Allen's eyes, severely injuring them. Trial was to a jury which found that Texas Construction was negligent and that such negligence proximately caused Allen's injuries. The jury acquitted Allen of any contributory negligence and awarded Allen damages in the total amount of $500,000.

Texas Construction, on appeal, brings forth several points of error complaining of the excessiveness of the damages awarded; the elements of damage submitted; the admissibility of certain medical testimony; improper jury argument and cumulative error.

■ In its first and second points of error, Texas Construction complains that the award was excessive and that the trial court should have granted a remittitur. In reviewing the remittitur point, we follow the general rule that we are to consider only the evidence that is favorable to the award. *Armellini Express Lines of Florida, Inc. v. Ansley*, 605 S.W.2d 297 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.), and cases cited therein.

■ The general rule is that, on appeal, the finding of a jury will not be disturbed on the ground of excessiveness if there is any probative evidence to sustain the award. The appellate court should not substitute its judgment for that of the jury unless the record indicates that the jury was influenced by passion, prejudice or improper motive. If, after such a review of the evidence, the court finds that the award is so excessive that it shocks the conscience of the appellate court, a remittitur is proper. *Armellini Express Lines of Florida v. Ansley*, supra; *International Harvester Company v. Zavala*, 623 S.W.2d 699 (Tex. Civ.App.—Houston [1st Dist.] 1981, writ

ref'd n.r.e.). Even if the award seems to be high, both the jury and the appellate court are entitled to consider the effects of inflation and the decreasing value of the dollar. *Southern Pac. Transp. Co. v. Peralez*, 546 S.W.2d 88, 98 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.); *Caterpillar Tractor Co. v. Gonzales*, 599 S.W.2d 633 (Tex.Civ. App.—El Paso 1980, writ ref'd n.r.e.). Texas Construction argues that the amount of damages in this case, $500,000, is "usually the kind of damages associated with herniated discs, catastrophic multiple injuries and extended custodial care." Each case must stand on its own. It is proper to compare the awards in other cases from other courts to determine if, after meeting all of the other tests of excessiveness, it shocks the conscience of the court. The mere fact that an award is large is no indication of passion, prejudice or improper motive. *International Harvester Company v. Zavala*, supra.

In reviewing the present record in such light, the evidence shows that Mr. Allen's vision in his right eye was nearly gone and that ever since the date of the accident, his eye continued to get worse. It was extremely painful. The evidence showed that Allen could hardly see out of his right eye. His left eye was also giving him trouble since the accident happened. He testified that there were two spots from which he could see nothing. Allen had triple vision in this left eye at night, and it too was gradually getting worse. More than one doctor had told Allen that they did not see any chance for his left eye to improve. Allen testified that his eye condition has caused him great concern because he can no longer enjoy hunting, fishing and other sports. He could not hold down a job like he was able to before the accident. He also had trouble using steps. He ran into things because his depth perception with only one eye was bad. He testified that he had difficulty reading for long periods of time and that a visible white milky cloudiness developed in his right eye after the accident.

Three physicians testified to the fact that Mr. Allen's impaired vision was a result of the lime accident. Dr. Smith stated that the exposure to the lime merely aggravated a pre-existing herpes viral infection. Dr. Baum, an ophthalmologist, testified that an alkaline such as lime generally causes vision impairment early on, but that it is possible that it may also cause a later sequela which could result in vision changes up to a year from the time of the accident. Dr. Baum also testified that Mr. Allen's impaired vision would hinder him in doing the type of construction work he had been doing. In 1978, at the time of the accident, Allen was earning $3200 per month and was responsible for supervision of 300 men. He was furnished a vehicle in addition to his salary. We hold that the jury award is not excessive.

Texas Construction also contends that the jury finding that Mr. Allen suffered damages in the amount of $500,000 is against the great weight and preponderance of the evidence. In reviewing this point, we must consider all of the evidence in the record. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951); and Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Tex.L.Rev. 359 (1960). After carefully reviewing all of the evidence and the entire record as a whole, we find that there is ample evidence to support the award of $500,000, and that it is not against the great weight and preponderance of the evidence.

Texas Construction contends in points of error three, four and five that the trial court erred in submitting the element of past and future cosmetic disfigurement in Special Issue 3 because there was no evidence with regard to these elements, or in the alternative, that such evidence was against the great weight and preponderance of the evidence. On reviewing the record, we find that Texas Construction did not object in any manner to the submission of Special Issue 3. By failing to object to the special issue, Texas Construction waived any defect in the same and may not complain of the same on appeal. Rule 274, T.R.C.P. (1981). In addition, we find there was evidence of cosmetic disfigurement and that it was not against the great weight and preponderance of the evidence. Accordingly, these points of error are overruled.

Texas Construction, in its sixth and seventh points of error, contends that the trial court erred in admitting the testimony of Dr. Baum on Dr. Black's medical report. It argues that the testimony of Dr. Baum with regard to this report was inadmissible because it was not in evidence and was, in fact, inadmissible as a matter of law. We have reviewed that portion of the statement of facts wherein appellant complains of the admission of the testimony introduced and find only the following objection:

"Attorney for Texas Construction: ... I object for the reasons and also for this being admitted as far as the record under any point in time to go to the jury because it then constitutes written testimony, the same as taking the deposition in the jury room, *insofar as forming part of the record I have no objection*, but insofar as being·admissible as an Exhibit to go to the jury I object.

THE COURT: I will overrule the objection.

MR. CULLEN: All the way?

THE COURT: Yes, it's received." (emphasis added)

As can be seen by the above testimony, no objection was made by Texas Construction as to the testimony itself. Texas Construction objected *only* to the report being sent to the jury room as an Exhibit. Consequentially, Texas Construction has failed to preserve its right to appellate review on this point. *Parkview General Hospital, Inc. v. Waco Construction, Inc.*, 531 S.W.2d 224 (Tex.Civ.App.—Corpus Christi 1975, no writ); *Wynn v. Wynn*, 587 S.W.2d 790 (Tex.Civ.App.—Corpus Christi 1979, no writ).

In conjunction with the above points, Texas Construction contends in its eighth point of error that the trial court erred in allowing the medical report to go to the

jury room as an exhibit citing Rule 281, T.R.C.P. This rule provides that:

"The jury may take with them in their retirement the charges and instructions, general or special, which were given and read to them, and any written evidence, except the depositions of witnesses, but shall not take with them any special charges which have been refused...."

■ After reviewing the medical report of Dr. Black, we find that even if it was error to allow this medical report to go to the jury room, such error was harmless. The statement in the report was merely cumulative of the unobjected-to testimony of Dr. Baum. Accordingly, appellant's eighth point of error is overruled. See Rule 434, T.R.C.P. (1981).

■ In its final point of error, Texas Construction complains that Mr. Allen's jury argument was improper in several instances and that the cumulative effect of this improper argument resulted in reversible error. In reviewing this point, we note that we do not have a complete statement of facts. Texas Construction's closing arguments and the voir dire are not before this Court. In order for an appellant to complain of jury argument and the cumulative effect of the same, the appellate court must have a complete record. Failure to do so is fatal to claims of jury argument as well as to claims of cumulative error allegedly occurring during the proceeding. *Fountain v. Ferguson*, 441 S.W.2d 506 (Tex. 1969); *Baucum v. Statewide Hot Shot*, 550 S.W.2d 156 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n. r. e.). See: Dahlberg, *Analysis of Cumulative Error in the Harmless Error Doctrine; A Case Study* XII Tex. Tech.L.Rev. 561 (1981). This point of error is overruled.

The judgment of the trial court is affirmed.

## OPINION ON MOTION FOR REHEARING

■ Appellant, Texas Construction, contends in its motion for rehearing that this Court erred in affirming the trial court's judgment because that judgment included elements of past and future cosmetic disfigurement on which there was no evidence. If there is some evidence on a requested issue, the trial court is required to submit the issue. *Wenzel v. Rollins Motor Company*, 598 S.W.2d 895 (Tex.Civ.App.—El Paso 1980, writ ref'd n. r. e.); *Rodriguez v. Garcia*, 519 S.W.2d 908 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n. r. e.).

Appellant also contends that the trial court erred in granting judgment on the basis of the damage award because there is no evidence of cosmetic disfigurement or, in the alternative, that such finding is against the great weight and preponderance of the evidence. Special issue 3, the damage issue, was submitted to the jury as follows:

"What sum of money, if any, if paid now in cash, do you find from a preponderance of the evidence would fairly and reasonably compensate John Allen for his injuries, if any, which you find from a preponderance of the evidence resulted from the occurrence in question?

You will consider the following elements of damage, if any and none other:

a. Physical pain and mental anguish in the past.

b. Mental anguish which, in reasonable probability, he will suffer in the future.

c. Physical impairment in the past.

d. Physical impairment which, in reasonable probability, he will suffer in the future.

e. Loss of earnings in the past.

f. Loss of earning capacity which, in reasonable probability, he will sustain in the future.

g. Cosmetic disfigurement in the past.

h. Cosmetic disfigurement which, in reasonable probability, he will sustain in the future.

Answer in dollars and cents, if any.

ANSWER: $500,000"

■ Since the issue was submitted generally, we are unable to determine how much, if any, of the $500,000 award was based upon cosmetic disfigurement. We previously found that there was some evi-

dence of cosmetic disfigurement (for instance, the record showed that plaintiff had a cloudy, milky-colored eye as a result of the accident). Assuming, however, without deciding that appellant is correct and the element of cosmetic disfigurement was improperly submitted, such submission is harmless. An improper submission of an issue constitutes reversible error only when harm is shown to have been suffered by the complaining party. *Boatland of Houston, Inc. v. Bailey*, 609 S.W.2d 743 (Tex.1980). Whether harm has been suffered may be considered in light of the charge as a whole. *Texas Employers' Insur. Assoc. v. McKay*, 156 Tex. 569, 210 S.W.2d 147 (1948). Even then, error in the submission of an issue is harmless when the findings of the jury in answer to other issues are sufficient to support the judgment. *Boatland of Houston, Inc. v. Bailey*, supra; *Curry v. Girard*, 502 S.W.2d 933 (Tex.Civ.App.—Fort Worth 1973, no writ).

In the present case, there is ample evidence in the record to support the $500,000 award on the basis of the other damage elements alone. We, therefore, hold that appellant has failed to demonstrate, and the record does not show, how the submission of the cosmetic disfigurement in the damage issue probably resulted in an improper verdict.

Motion for rehearing is overruled.